ILLINOIS STEEL BRIDGE COMPANY *v.* MULLINS.

4-5124

Opinion delivered June 27, 1938.

*A. R. Cooper,* for appellant.

*Reinberger & Reinberger* and *E. D. Dupree, Jr.,* for appellee.

BAKER, J. The Illinois Steel Bridge Company, which will hereinafter be referred to as the bridge company, or appellant, sued J. F. Mullins, who will hereinafter be referred to as Mullins or appellee, to recover a balance alleged to be owing upon an Arkansas highway contract, designated as project No. 2204.

According to appellant's contention Mullins had bought steel of the contract price of $16,430.02. He had delayed his final payments and the bonding company had taken over his contract, at least, for the purpose of making settlement if not completion, of the construction.

Mullins contended that the amount of his indebtedness was $16,383.13 instead of the amount claimed by the bridge company. There appears in the record in this case evidence of the accounts by both appellee and appellant showing the respective amounts according to their several contentions. The attorney for the bonding company sent its telegram to the bridge company stating that it was authorized to make a settlement of the claims against Mullins. That "our records show you are due $16,383.13 stop please verify this amount by telegraph and we will send draft immediately." The bridge company in response telegraphed as follows: "We will release New Amsterdam Company and the state of Arkansas on all claims against Mullins on receipt of the amount stipulated in your telegram." Immediately thereafter attorney's for bonding company sent draft for the amount which Mullins contended was the correct amount owing by him, and at the time it mailed the draft it included a blank assignment prepared by the attorneys for

the bonding company and requested the bridge company to execute the assignment, transferring all its claims against Mullins to the bonding company. The bridge company upon receipt of this draft with letter of request that it execute the assignment, promptly cashed the draft, but made no answer to the letter, nor did it execute the assignment.

A short time thereafter, however, it filed a suit against Mullins for the amount it alleged Mullins owed in excess of the amount of the draft. That amount of principal is $46.89, and in addition thereto interest alleged to be due under Mullins contract amounting in all to $881.03. The total or aggregate amount of the suit being $927.92.

The defense to this suit was a plea of settlement, accord and satisfaction. Upon the trial of the case in the circuit court both the plaintiff and defendant asked for an instructed verdict, and thereupon the jury was dismissed, and the court found the issues in favor of appellee.

The intensely interesting and well prepared brief by appellant's counsel would be conclusive if based upon the proper premise. It is alleged that the amount of indebtedness was not in dispute, that it was uncontradicted that Mullins was owing the $46.89, and that contention is made in the face of the record which shows that the appellee was computing his indebtedness by showing weight of steel supplied, price or cost thereof, labor charges he contended were chargeable to appellant. His accounting and explanation covered that difference in the amount in controversy. It seems it might as properly be said appellee's statements were undisputed. We do not attempt to determine by an accounting the true status or correctness of either contention. Appellee in this proceeding was under no legal duty to prove conclusively the correctness of his own account nor was he under obligation to show the inaccuracy of appellant's contention. It is apparent that the contention existed, and when the bonding company sent its telegram to the bridge company it asserted the fact of Mullins contention. The

bridge company accepted the amount "stipulated" without arguing the accuracy thereof as now contended.

In accepting this it knew the amount was offered as settlement, although it now interprets its own conduct as releasing only the bonding company and the state of Arkansas. The effect of the attitude it now urges is that it was, at the time concealing its purpose to pursue Mullins after it had accepted the amount "stipulated."

Appellant urges that there was no intention or purpose to release Mullins, and that the surety bought only its own release and that of the state of Arkansas, and cites many authorities to the effect that the surety company had the legal right to do this. We think this contention is beyond cavil or dispute that the bonding company had a right to buy its own release, but we think it equally beyond any kind of serious contention that the money was not paid for that purpose, nor was there an acceptance by the bridge company of such payment under such condition.

If the bonding company merely wanted to purchase its own release and that of the state of Arkansas, it had the right to do this, and whatever it paid under such circumstance did not inure to the benefit of Mullins. If this money was paid only for this release then Mullins owed as much after the release of the surety as he did before. However we find the bridge company giving Mullins credit for the full amount paid, and at the same time insisting that it was paid for release of the bonding company and the state of Arkansas. This position is hopelessly inconsistent.

There is little merit in appellee's present theory that the money was paid over upon the understanding, at least, that the bridge company should assign its claims against Mullins. This assignment seems to have been an afterthought as the telegrams, when the agreement was reached with the bridge company, show that the bonding company should pay over so much money, and the bridge company accepted the amount offered. The bridge company had the right to decline to execute an assignment, and such a declination added nothing to appellant's rights. The effect of any assignment would be unim-

portant as the bonding company no doubt had its claim in such shape that it could take judgment against Mullins had the necessity therefor or the desire to do so been present.

However the fact that the assignment was requested by the bonding company is strongly urged by the bridge company as a reason why it should now have judgment against Mullins and as a further reason why the doctrine of accord and satisfaction does not prevail for the protection of Mullins. We give to this matter an entirely different interpretation, and we think our view may have been also the view of the learned trial judge. The fact that the bonding company when it sent its voucher or draft for the amount agreed upon asked the bridge company to assign all its claims against Mullins is proof of the most positive character that it was the intention of the bonding company to procure the release of Mullins from any kind of liability to the bridge company. The bridge company could not have put on that act any other interpretation. Its acceptance of the money or draft knowing that it was paid for Mullins and to bring about his complete release from appellant's claims will be given the effect intended by all the parties.

There can be no merit in appellant's insistence that Mullins' failure to produce or introduce upon the trial the draft sent by the bonding company to pay the claims of appellant must be treated as a failure on Mullins part to show payment or to establish the conditions under which payment was made because it is contended the draft was the best evidence. There is no proof Mullins ever had possession or control of the draft. There is no evidence or conclusion therefrom that the appellee could get possession of the instrument.

The settlement with payment made to dispose of the controversy fill the requirements for accord and satisfaction. Appellant's negotiations may not be construed as a covenant not to sue.

Our analysis of the facts makes unnecessary a restatement of the testimony. Nor do we think it pertinent to elaborate by discussion of the cited authorities. 1

C. J. S. 462, § 1 *et seq.*; *Moore* v. *Gordon,* 44 Ark. 334, 1 Am. Jur. 235, § 24.

Affirmed.